OPINION
GARY P. SULLIVAN, Chief Justice.
This matter alises from an order of dismissal of a criminal complaint “without prejudice” due to failure of service of two material prosecution witnesses. The factual and legal setting is essentially the same as in Tribes v. Stafne, FPCOA # 351, 2002 WL 34432657, 4 Am. Tribal Law 230 (2002).
On the day of trial, two of the prosecution’s material witnesses had not been served and were not, present. The Tribal Prosecutor requested a continuance and the defendant made a motion to dismiss. The Tribal Court dismissed the matter without stating its legal basis for doing so. A review of the procedural history of the case shows no threat of undue delay. Defendant did not raise “speedy trial” as an issue, nor do we find such issue existing based upon the following chronology:
11-25-99 Alleged assault
11-29-99 Complaint issued
12-01-99 Arraignment
01-06-00 Pre-trial conference
05-10-00 Bench trial-complaint dismissed
Based upon the reasoning set forth in Stafne we find that the Tribal Court abused its discretion in denying the Tribal Prosecutor’s motion for continuance, therefore we set the order of dismissal aside and remand for further proceedings as deemed appropriate
GERARD M. SCHUSTER, Associate Justice, concurs;
CARROLL J. DeCOTEAU, Associate Justice,
dissents.
I respectfully dissent for the same reasons set forth in my dissent in Tribes v. *236 Stafne, FPCOA #351, 2002 WL 34432057, 4 Am. Tribal Law 230 (2002).